Wright, J.,
delivered tbe opinion of tbe Court.
This is an action on the case brought by tbe plaintiff against 'the defendant, for an injury in overflowing bis mill, spring, *182 and ford, by means of a dam erected by tbe defendant, upon the same stream, below the plaintiff’s land.
The proof left it in doubt whether the plaintiff’s mill was, at all, affected by the back-water. The weight of the evidence is, that it was not. But the proof showed that the spring and ford were affected by it.
The Circuit Judge — among other things — in substance, charged the jury that the spring and ford were a part of the freehold ; and for an injury to them, the plaintiff must show title to the land, or an actual possession by enclosure. This instruction, as applicable to the facts of this case, we think, is erroneous. Actual possession is all that is necessary for the purposes of this action; and it is not required that a title to the land should be exhibited. 1 Phillips’ Ev., Cowen & Hill & Edwards’ Notes, 646; Large v. Dennis, 5 Sneed, 695. It will, prima facie, be intended that the plaintiff has the requisite ownership. So thought the Circuit Judge. But in the absence of title, he was of opinion, that nothing short of an enclosure was evidence of an actual possession. It may be observed that in the proof of. both the plaintiff and defendant, the mill, spring, and ford were spoken of as the plaintiff’s ; and his ownership of them seems to have been taken for granted; and if the defendant himself had not recognized the plaintiff’s possession, those from whom he derived title had, by acts and declarations to that effect. The plaintiff, and those under whom he claimed had been in actual possession of the mill for more than twenty years, and had, if not for the same time, for a good portion of it, taken water from the spring, and used the ford in getting timber for the mill. He did not, to be sure, exhibit any paper title, defining his boundaries, earlier than the deed from Lucas to Elder, dated the 5tli of March, 1849; and it did not appear that the land where the spring and ford were, had actually been granted; so that the presumption of a grant, or the statute of limitations did not attach to that part of the plaintiff’s land. But it is difficult to perceive why the possession of the spring and ford by the plaintiff, for the ordinary purposes of use, by his *183 family and hands at his mill, within the distance of a few¡ yards, nnder his claim of ownership, was not as much an actual possession as if they had been enclosed. A spring,, or ford, is often susceptible of no other possession than that of ordinary use and enjoyment. Randolph v. Meeks, Mar. & Yer., 58-60; 2 Meigs’ Big. 820.
But, aside from this view of the case, the deed from Lucas to Elder, and the other title papers read by the plaintiff, gave boundary to his land, and included the spring and ford; and the proof showed a claim of ownership on the part of the plaintiff, and those from whom he derived title, not only to the mill, hut to the spring and ford, under these title papers, at least, from the 5th of March, 1849, to the present period; during all which time he, and they, were in actual possession, of the mill, and use of the spring and ford in connexion therewith.
Though this, without more, did not serve to establish his title to the spring and ford, yet, we think it constituted evidence of an actual possession of both.
In Pickens v. Delozier, 2 Hum., 400, it was held that the possession of a part of a tract of land by A, who claims to the boundaries described in a written assurance, by virtue of which the same is held, is a possession to ihe extent of the boundaries therein described; and that such a possession would avoid a deed, made by one out of possession, under the champerty act — so far as it conflicted with the boundaries of the adverse deed.
We think it probable, from what we .see of this record, that a new trial may avail the plaintiff nothing ; but inasmuch as we cannot certainly know, from what now appears to us, that ¡the merits of the case have been reached, we are constrained ±«o reverse the judgment, and award a new trial.